UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT MCANALLEY. | ) |
|         Petitioner, | ) |
| v. | ) Case No. 2:14-cv-0336-JMS-WGH |
| STANLEY KNIGHT, | ) |
|         Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Robert McAnalley for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF 14-07-0114 in which he was found guilty of conspiracy to engage in an unauthorized financial transaction. For the reasons explained in this entry, Mr. McAnalley's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On July 4, 2014, Correctional Officer Weeks filed a Report of Conduct that charged Mr. McAnalley with a class B offense conspiracy to engage in an unauthorized financial transaction. The Report of Conduct states:

> On July 4, 2014 two phone call[s] were monitored from 17 North A-side. The calls were made by offender Robert McAnalley DOC 150042. The first call was at 13:16 at 2 min and 41 sec into the call offender McAnalley ask[s] "When you get home why don't you get on the computer and order a rush card and when you get it we will start using it.["] The second call was at 13:45 from 17 North A side at 2 min and 40 sec into the call offender McAnalley ask[s], "stop and get me 130 and I will tell you the rest in a little bit you can get that at the same place["] and she replied yes.

Mr. McAnalley was notified of the class B charge when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). He was notified of his rights, pled not guilty, and indicated his desire to have a lay advocate. He did not want to call any witnesses but he requested the recording of the phone call as evidence.

The hearing officer conducted a disciplinary hearing on July 14, 2014, finding Mr. McAnalley guilty of the class B offense conspiracy to engage in an unauthorized financial transaction. The hearing officer considered the staff reports, the offender's statement, and the phone call as evidence in finding him guilty. The recommended sanctions imposed included a written reprimand, a 30-day phone restriction, and the deprivation of 30 days of earned credit time. The hearing officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Mr. McAnalley appealed to the Facility Head on July 23, 2014. He argued that the conversations did not support the offense and that there was no physical evidence listed on the conduct report. The Facility Head denied the appeal on August 8, 2014. Mr. McAnalley appealed

to the Final Reviewing Authority, who denied his appeal on August 29, 2014. He filed his habeas petition on October 30, 2014.

### III. Analysis

Mr. McAnalley's claims for habeas relief are that his due process rights were violated when: 1) the sanctions were not approved by a higher authority; 2) he was not notified of evidence; and 3) lack of evidence.

Mr. McAnalley did not raise on appeal the claim concerning the approval of the sanctions by a higher authority. This claim, therefore, has been waived and procedurally defaulted. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). Moreover, this is an issue based on Indiana Department of Correction rules and regulations, which is not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). This claim fails.

Mr. McAnalley's second claim is that on the conduct report, there was nothing listed in the "disposition of physical evidence" box. He contends that he could not be found guilty of the offense if the physical evidence box was left blank. This claim is frivolous because the conduct report described two phone calls which were the basis of the charge. There was no confiscated evidence and there was no evidence of which Mr. McAnalley was not notified. This claim fails.

The third claim relates to the sufficiency of the evidence. He argues that the evidence does not support an unauthorized financial transaction. The hearing officer reviewed the phone call and reasoned that the "phone call does state that you need to get a Rush card and then we can start

using it. Then he tells her about the one dude and other guy get that will be $75 total should be $250. Get out $130 when go out and will tell you later the rest of it." Dkt. 8-4. The hearing officer noted that the total would be $250 and more than one man was involved in the transaction. Mr. McAnalley was charged with Offense 220 which is defined as "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Conspiracy is defined as "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense."

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The recorded directives by Mr. McAnalley to another person support a finding that Mr. McAnalley was engaging in an unauthorized financial transaction. There was sufficient evidence to support the hearing officer's finding of guilty.

Mr. McAnalley was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. McAnalley's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. McAnalley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: December 30, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert McAnalley, # 150042
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel